Kevin A. Lake, Esquire (VSB#34286)
LAKE & LAKE, P.C.
P.O. Box K-53
Richmond, Virginia 23288
Telephone: (804) 282-9500
    *Counsel for Creditor, Ramona L. Taylor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND, VIRGINIA

| | |
|---|---|
| In re: | CHAPTER 13 |
| GABRIEL A. TAYLOR, SR. | CASE NO.: 07-31055-KRH |
| Debtor(s) | |

**RESPONSE IN OPPOSTION TO DEBTOR'S MOTION FOR
<u>CONTINUATION OF AUTOMATIC STAY</u>**

COMES NOW, Ramona L. Taylor (hereinafter, "Ms. Taylor"), by counsel, and in response to the Motion for Continuation of the Automatic Stay (the "Motion") filed herein by debtor Garbriel A. Taylor, Sr. ("Debtor"), states as follows:

1. The allegations contained in paragraph 1 of the Motion constitute legal conclusions and do not require a response.

2. Ms. Taylor admits the allegations contained in paragraph 2 of the Motion.

3. Ms. Taylor is without knowledge or information to form a sufficient belief as to the truth of the allegations contained in paragraphs 3 - 4 of the Motion, they are therefore denied, and strict proof thereof is demanded.

4. To the extent that paragraph 5 of the Motion is deemed to contain factual allegations, same are denied.

5. Ms. Taylor denies the allegations contained in paragraphs 6 – 7.

6.  Ms. Taylor denies any allegations not specifically admitted herein.

7.  Ms. Taylor affirmatively states the following in support of her opposition to the automatic stay being extended pursuant to § 362(c)(3) as to her, to whatever extent the Court deems it applies to her in the first place[1]:

*Present Case not Filed in Good Faith*

A.  Debtor owes Ms. Taylor a "domestic support obligation," as such term is defined in § 101(14A) of the Code. The prepetition arrears portion of the domestic support obligation, as evidenced in the proof of claim filed herein by Ms. Taylor and as fixed by order of the Chesterfield, Virginia Juvenile and Domestic Relations Court (the "JDR Court"), was $34,153.09 as of November 29, 2006 (hereinafter, the "DSO").

B.  As a consequence of Debtor's failure to pay support, on November 29, 2006, the JDR Court imposed a twelve month jail sentence for civil contempt upon Debtor, suspended upon the condition that Debtor pay current support and arrears in accordance with the JDR Court's directives.

C.  A review hearing before the JDR Court to monitor compliance with it prior orders is set for May 7, 2007.

D.  Debtor did not maintain post-petition support payments as required by the JDR Court in his previous bankruptcy case.

E.  Ms. Taylor is informed and believes that Debtor's current bankruptcy case is largely, if

---

[1] Ms. Taylor asserts that, pursuant to § 362(b)(2)(C), she is not stayed in any respect from enforcing and collecting the domestic support obligation owed to her by Debtor. See, *In re Gellington*, 2007 Bankr. LEXIS 773 (Bankr. N.D. Tex. 2007) (§ 362(b)(2)(C) does not stay collection of domestic support obligation, at least not from post-petition

        not entirely, aimed at frustrating her collection of Debtor's long-owed and growing DSO.

F.      Debtor has understated the DSO, in his sworn schedules, plan, and in the affidavit attached to the Motion, by nearly $20,000.00 ($14,700.00 is the figure represented by Debtor; $34,153.09 is the actual figure fixed by the JDR Court).

G.     Debtor has attempted to conceal this bankruptcy case and related proceedings from Ms. Taylor, or at least delay her receipt of notice of them. He has done so by failing to include her current address on the mailing matrix filed in this case or the service list for the plan and the Motion, even though such mailing address was known to him.

H.     Upon information and belief, Debtor has not disclosed all his assets in this case.

I.      The foregoing demonstrates that Debtor will be unable to rebut the statutory presumption (by the requisite "clear and convincing" evidence) that the instant case was filed in bad faith.[2]  See, *In re Chaney*, 2007 Bankr. LEXIS 534 (Bankr. E.D. Va. 2007) (Huennekens, J.) ("New case must not be a ploy to frustrate creditors" and "it must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13").

*No Substantial Change in Circumstances Suggesting Current Plan Will Succeed*

J.      As noted above, Debtor has understated the DSO by nearly $20,000.00.

K.     Under § 1322(a)(2) of the Code, Debtor must pay the DSO in full.

---

wages).
[2]  Ms. Taylor reserves the right to specify other evidence of that Debtor's case has not been filed in good faith at the hearing on the Motion and reserves the right to review, challenge and require proof by Debtor to the Court of

  L.  Debtor's proposed plan provides for total funding of $43,500.00 and the commitment of what Debtor says is all of his disposable income over five years. Debtor's proposed plan also provides for the payment by the trustee of $31,000.00 in secured claims, $2,400.00 in attorney's fees, and 10% of all sums disbursed as the trustee's compensation.

  M.  Payment of the foregoing claims, plus the DSO, with no dividend to general unsecured creditors, would require approximately $75,000.00 in funding, i.e., approximately $30,000.00 more than Debtor can possibly pay into the plan.

  N.  Clearly, the proposed plan is woefully underfunded and it is not possible for Debtor to propose a confirmable plan.[3]

  O.  The foregoing demonstrates that Debtor will be unable satisfy the Court that he can make the plan in this new case work where the plan in the previous case did not. See, *In re Chaney*, at 8-9 ("court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case.").

8. Ms. Taylor requests that the Court determine that the automatic stay does not apply to her collection and/or enforcement of the DSO as to the Debtor *and* property of the estate regardless of whether the stay is continued (see, *In re Gellington*, 2007 Bankr. LEXIS 773

---

Debtor's entitlement to a continuation of the automatic stay under all applicable rules, statutes and case law regarding § 362, including, without limitation, questions of good faith and feasibility.

[3] Ms. Taylor believes that Debtor's income over the past six months, as shown in his Form 22 filed herein,

(Bankr. N.D. Tex. 2007) (holing that § 362(b)(2)(C) does not stay collection of domestic support obligation). In the alternative, Ms. Taylor requests that the Court deny the Motion and determine that Ms. Taylor may collect and enforce the DSO against Debtor and property of the estate (see, *In re Jupiter*, 344 B.R. 754, 762 (Bankr. D.S.C. 2006) (holding that § 362(c)(3)(A) terminates the stay as to Debtor *and* property of Debtor's estate")

WHEREFORE, for the reasons stated herein, Ms. Taylor respectfully requests that the Court determine that the automatic stay does not apply to her collection and enforcement of the DSO or, in the alternative, that the Court deny the Motion and grant her such other and further relief as the Court deems just.

          Respectfully submitted,

By:   /s/ Kevin A. Lake
      Of Counsel

Kevin A. Lake (VSB#34286)
LAKE & LAKE
P.O. Box K-53
Richmond, Virginia 23288
Telephone:   (804) 282-9500
FAX:          (804) 282-5282
    *Counsel for Ramona L. Taylor*
U:\Kevin\BANKRUPT\CLIENTS\Hooper.S\Obj2Confirmation\Obj2Conf(Draft).doc

---

demonstrates that Debtor has overstated the income he would be able to commit to a plan in this case.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be mailed by electronic means or by first class mail, postage prepaid, a true and accurate copy of the foregoing, Response in Opposition on April 16, 2007, to:

Andrew G. Adams, III, Esquire
Cravens & Noll, PC
9011 Arboretum Parkway
Richmond, VA 23236

Robert Van Arsdale, Assistant Trustee
600 East Main Street, Suite 300
Richmond, VA 23219

Gabriel A. Taylor, Sr.
3901 Jefferson Davis Hwy
Richmond, VA 23234

Robert E. Hyman, Esquire
Chapter 13 Trustee
P.O. Box 1780
Richmond, Virginia 23218

                                                      /s/ Kevin A. Lake
                                                      Kevin A. Lake