UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     GABRIEL A. TAYLOR, SR.     Case No. 07-31055-KRH
     Chapter 13
     Debtor.

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of Gabriel A. Taylor, Sr. (the "Debtor") to extend the automatic stay pursuant to § 362(c)(3)(B) of the Bankruptcy Code. The Debtor filed his Chapter 13 bankruptcy case on March 20, 2007 (the "Petition Date"), and on March 27, 2007, he filed a motion to extend the automatic stay. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C.A. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). A hearing was conducted on April 18, 2007, at which the Debtor appeared and testified.

The Debtor's request is governed by the provisions of § 362(c)(3) of the Bankruptcy Code. 11 U.S.C.A. § 362(c)(3) (2006).[1] That section effectively provides that where a debtor has been a debtor in a previous bankruptcy case that was dismissed within one year of the filing of the new case, the automatic stay of § 362(a) terminates as to the Debtor on the 30th day

---

[1] Section 362(c)(3) provides that "if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)–
    (A) the stay . . . with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
    (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period *only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; . . .*"
11 U.S.C.A. § 362(c)(3)(A, B) (emphasis added).

following the new filing unless within that 30 days the debtor seeks an extension of the stay and the court grants the extension within the 30-day period. In order to obtain an extension of the stay, the debtor must prove that the filing of the new case was in good faith as to the creditors that would be affected by the stay. 11 U.S.C. § 362(c)(3)(B).

The Debtor in this case has filed three prior cases in this court: Case No. 92-30747-BNS; Case No. 03-33565-DOT; and Case No. 04-33959-DOT (the "Immediately Prior Case"). The Immediately Prior Case was filed under Chapter 13 on April 21, 2004. An order confirming the Debtor's Chapter 13 plan was entered by the Court on August 25, 2004. The Immediately Prior Case was dismissed by order entered October 12, 2006, for the Debtor's failure to make the payments required by the plan. As the Debtor's Immediately Prior Case was pending within the year preceding the Petition Date, and as that Immediately Prior Case was dismissed after the Debtor failed to perform the terms of the plan confirmed by the Court, § 362(c)(3)(C) of the Bankruptcy Code raises a presumption that his new case was filed not in good faith.[2] The presumption may be rebutted by clear and convincing evidence. 11 U.S.C.A. § 362(c)(3)(C).

---

[2] The statute provides a presumption that a case is not filed in good faith if any of several circumstances occurred:
   (C)   for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-
      (i)   as to all creditors, if-
         (I)   more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
         (II)   a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to–
            (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
            (bb) provide adequate protection as ordered by the court; or
            (cc) perform the terms of a plan confirmed by the court; or
         (III)   there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 or 13 or any other reason to conclude that the later case will be concluded –
            (aa) if a case under chapter 7, with a discharge; or
            (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

"'[C]lear and convincing' is a well-recognized standard in the proof scheme employed by our nation's courts." *Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 810 n.7 (4th Cir. 1991). There, the Court of Appeals for the Fourth Circuit explained that,

> In *Addington v. Texas,* the Supreme Court identified the "three standards or levels for different types of cases" as follows: "preponderance of the evidence" is the lowest level of proof, and is to be applied in the "typical civil case involving a monetary dispute;" "beyond reasonable doubt" is the highest level of proof, and is to be applied "in a criminal case;" and "clear and convincing" is an "intermediate standard," which is to be applied in cases where the interests at stake "are deemed to be more substantial than mere loss of money." This intermediate level of proof, the Supreme Court added, is "no stranger in the civil law." A relevant treatise, for example, defines "clear and convincing" as meaning "highly probable." 9 J. Wigmore Evidence § 2498 (3d ed. 1940).

*Id.* (citing *Addington v. Texas*, 441 U.S. 418, 423-24 (1979)). The Federal Rules of Evidence provide that a presumption imposes on the party against whom it is directed the burden of going forward with evidence to meet the presumption. Fed. R. Evid. 301. Thus, § 362(e)(3)(c) requires the debtor to present highly probable evidence of his good faith.

Section 362(c)(3) does not include a definition of the term "good faith." "The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *CoStar Group, Inc. v. Loopnet, Inc.,* 373 F.3d 544, 553 (4th Cir. 2004), (quoting *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,* 474 U.S. 494, 501 (1986)). In view of the absence of any new statutory definition for the term,[3] it appears that Congress did not intend to depart from the judicially created standard for determining good faith.

---

(ii)   as to any creditor that commenced an action under subsection (d) [for relief from the stay] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor;

11 U.S.C.A. § 362(c)(3)(C).

[3] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8 (BAPCPA) enacted a number of significant changes affecting individual bankruptcy cases including 11 U.S.C. § 362(c)(3)(C).

In evaluating a debtor's good faith in the context of § 1325(a)(3) of the Bankruptcy Code, the Court of Appeals for the Fourth Circuit stated "[w]hile no precise definition can be sculpted to fit the term 'good faith' for every Chapter 13 case, we think the generally accepted definition of 'good faith' as used in Chapter 11 of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed), provides the general parameters: 'Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provision, purpose, or spirit of [the Chapter] in the proposal or plan . . . .'" *Deans v. O'Donnell,* 692 F.2d 968, 972 (4th Cir. 1982) (citing 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978)). Courts are given broad discretion but are directed to look at "the totality of circumstance . . . on a case by case basis." *Id.*

A nonexclusive list of the militating factors a court may consider in making a good faith determination includes "the percentage of proposed repayment, . . . the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." *Id.* The court added the debtor's pre-petition conduct to this nonexclusive list in *Neufeld v. Freeman,* 794 F.2d 149, 150 (4th Cir. 1986). In assessing these factors in the context of a Chapter 13 case under the elevated evidentiary burden under § 362(c)(3)(C) of the Bankruptcy Code, the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The

4

new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of Chapter 13. *In re Chaney,* No. 06-33628-KRH, 2007 Bankr. LEXIS 534 (Bankr. E.D. Va. Jan, 17, 2007).

The evidence presented to the Court to rebut the presumption in this case comes from the affidavit filed by the Debtor in support of his motion, from the testimony elicited from the Debtor at the April 18 hearing and from the schedules, statement of affairs and plan filed by the Debtor in this case. Among the averments set forth in the Debtor's affidavit are the following:

> 3. I have income from my employment at Appliance Recyclables. My income from my employment is stable, and I do not expect it to change in the future.
> . . .
> 6. I became delinquent in my payments in my previous case due to a tragic house fire which destroyed my business and all of the contents, and damaged my personal residence. There was no insurance in place to cover the losses.
> 7. I have listed all of my assets and all of my debt and have fully and accurately disclosed all of my income and expenses in the schedules in this case.

The Debtor proposed in his plan to pay $725.00 per month to the Chapter 13 trustee for a period of 60 months. The Debtor represented that this payment constitutes all of his disposable income. The Debtor maintained that his "employment and income [were] consistent and [were] likely to remain so during [his] case." The Debtor stated that it was his desire to repay his creditors the amount he could afford and that the bankruptcy was not filed to evade his responsibilities or to delay his creditors' attempts to collect.

Ramona L. Taylor ("Ms. Taylor") filed a Response in Opposition to the Debtor's motion for continuation of the automatic stay.[4] Ms. Taylor holds a claim for a "domestic support obligation" as that term is defined in 11 U.S.C.A. § 101(14A). The pre-petition arrearage portion

---

[4] The Office of the US Trustee joined in the Response filed by Ms. Taylor, and it also opposes the continuation of the stay in this case.

5

of the domestic support obligation, as evidenced by Ms. Taylor's proof of claim filed herein[5] and as fixed by order of the Chesterfield, Virginia Juvenile and Domestic Relations Court (the "State JDR Court") by Order entered on November 29, 2006, was $34,153.09. After the dismissal of the Immediately Prior Case and before the Petition Date, the State JDR Court imposed a twelve month jail sentence for civil contempt upon the Debtor for his failure to make support payments. The jail sentence was suspended by the State JDR Court on the condition that the Debtor pay current support payments and arrearage support payments in accordance with the State JDR Court's directives.[6] A review hearing is scheduled before the State JDR Court on May 7, 2007, to monitor the Debtor's compliance. Ms. Taylor argues that the Debtor's current bankruptcy case was filed to frustrate collection of the domestic support obligation that the Debtor owes to her, which obligation has long been outstanding and which grew throughout the Debtor's prior two bankruptcy cases.[7]

On cross examination the Debtor admitted to many inaccuracies contained in his schedules, in his plan and in his affidavit. The Debtor, for instance, admitted that he had understated the amount of the debt owed to Ms. Taylor by nearly $20,000. The Debtor also admitted that he had failed to schedule a personal injury claim and further that he had undervalued certain of his real estate by approximately $100,000. Further, the Debtor's testimony regarding his income and expenses was conflicting. The Debtor is not merely employed by Appliance Recyclables; he owns the business and operates it as a sole proprietor.

---

[5] A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Rule 3002(f) Fed. R. Bankr. P.

[6] The combination of the current support payments and the arrearage support payments that was ordered paid by the State JDR Court totaled $550 per month which was payable on the first day of each month.

[7] While the Court makes no specific finding that the Debtor's current bankruptcy case was filed to frustrate collection of the domestic support obligation, it does note that the Debtor has failed to make any portion of the child support payments ordered by the State JDR Court since the commencement of this case.

Apparently the Debtor's income is far from stable. While the Debtor averred in his affidavit that he "did not expect his income to change in the future," he offered contradictory testimony on cross examination that his income may in fact increase. On the other hand, the Debtor listed no income for the past two years in his statement of financial affairs.

The Debtor was unable to reconcile his expenses with those itemized on his schedule J. The Debtor also admitted that he had used a three year old address for Ms. Taylor on the mailing matrix for the bankruptcy case and on the service list for the plan. The Debtor used the incorrect address for Ms. Taylor even though he admitted that he was very much aware of Ms. Taylor's current mailing address. Ms. Taylor contends that the Debtor was attempting to conceal the bankruptcy case from her, at least until after the disposition of the present motion.

Pursuant to 11 U.S.C. §§ 1322(a)(2) and 507(a)(1)(A), the Debtor's plan is required to provide for full payment of, among other things, any domestic support obligations. The Debtor's proposed plan provides for total funding of only $43,500. From this sum, $31,000 must be subtracted for the payment of three secured claimants and $2,400 must be subtracted for payment of attorneys' fees. The statutory compensation of the Chapter 13 trustee must be accounted for as well. It is readily apparent that the remaining balance will not be sufficient to pay the Debtor's domestic support obligation to Ms. Taylor in full. It is also clear that no dividend will be paid to the Debtor's general unsecured creditors. The vast discrepancy between the additional income that is needed to fund even a zero percent plan and the Debtor's available disposable income suggests that the Debtor is in no better position to make this plan work than he was in the prior two Chapter 13 cases.

Considering the totality of the circumstances presented here, the Court is not persuaded that the Debtor has presented highly probable evidence that this case represents a good faith

7

effort by the Debtor to repay his creditors. The Court rejects the Debtor's argument that he should be given additional time to craft an alternative plan, given the various deficiencies that were exposed at the April 18 hearing. To grant further time would be contrary to the spirit of § 362(c)(3)(C) of the Bankruptcy Code, in which Congress signaled its preference for the early disposition of cases that lack substantive merit. The Court finds that the Debtor has failed to rebut the statutory presumption that his new case was filed not in good faith.

Ms. Taylor next asks the Court for a determination that 11 U.S.C. § 362(c)(3)(A) terminates the stay not only with respect to property of the Debtor but also with respect to property of the estate. Ms. Taylor cites *In re Jupiter,* 344 B.R. 754, 762 (Bankr. D.S.C. 2006), in support of her position. However, the plain language of § 362(c)(3)(A) of the Bankruptcy Code provides that "the stay under subsection (a) . . . shall terminate *with respect to the debtor* . . ." (emphasis supplied). The statute does not address property of the estate. "The first step in the interpretation of a statute is, of course, to examine the language of the statute itself. Where that language is plain and unambiguous, the sole function of the court is to apply the statute according to its terms." *U.S. v. Fitzgerald*, 435 F.3d 484, 491 (4th Cir. 2006); see also *RCI Technology Corp. v. Sunterra Corp. (In re Sunterra Corp.),* 361 F.3d 257, 265 (4th Cir. 2004). By its own precise and unambiguous terms, the language of § 362(c)(3)(A) of the Bankruptcy Code does not extend termination of the stay to include property of the estate.

Congress clearly understood the difference between property of the debtor and property of the estate. Those respective terms are employed repeatedly throughout § 362. As the court pointed out in *In re Jones,* 339 B.R. 360 (Bankr. E.D.N.C. 2006), § 362(a) distinguishes throughout those acts stayed as against the debtor from those acts stayed as against property of

8

the estate and of the debtor.[8]  "Where Congress includes particular language in one section of a statute but omits it in another, . . . it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  *Keene Corp. v. United States,* 508 U.S. 200, 208 (1993) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).  *But see In re Curry,* No. 06 B 13096, 2007 W.L. 549360 at *3 (Bankr. N.D. Ill. February 22, 2007) (finding that section 362(c)(3)(B) has no plain and unambiguous meaning and therefore has no plain meaning to be followed).

The intent of Congress to limit the scope of the termination of the stay in § 362(c)(3)(A) to actions taken against property of the debtor as opposed to property of the estate is readily apparent when § 362(c)(3)(A) is juxtaposed against the much broader stay termination language found in § 362(c)(4).[9]  Congress' "use of a particular phrase in one statute but not in another 'merely highlights the fact that Congress knew how to include such a limitation when it wanted to.'"  *In re Paschal* 337 B.R. 274, 279 (Bankr. E.D.N.C. 2006) (quoting *In re Coleman,* 426 F.3d 719, 725 (4th Cir. 2005)).

Sound policy considerations as well support the conclusion that the termination of the stay under § 362(c)(3)(A) should not extend to property of the estate.  "It is important in Chapter 13 cases to protect property of the estate from automatic termination under § 362(c)(3)(A), because estate property may be needed to consummate the debtor's Chapter 13 plan.  It is even

---

[8] "Section 362(a)(1) stays actions or proceedings 'against the debtor;' § 362(a)(2) stays enforcement of a judgment 'against the debtor or against property of the estate;' § 362(a)(3) stays 'any act to obtain possession of property of the estate or of property from the estate;' § 362(a)(4) stays 'any act to create, perfect, or enforce any lien against property of the estate;' § 362(a)(5) stays 'any act to create, perfect, or enforce against property of the debtor any lien' to the extent it secures a prepetition claim; and § 362(a)(6) stays 'any act to collect, assess, or recover a claim against the debtor. . . .'"  *In re Jones*, 339 B.R. 360, 363-364 (Bankr. E.D.N.C. 2006).

[9] That section provides that ". . . if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), *the stay under subsection (a) shall not go into effect* upon the filing of the later case. . . ."  11 U.S.C. § 362(c)(4) (emphasis added).

more important to protect property of the estate in Chapter 7 cases, to which § 362(c)(3)(A) also applies. 11 U.S.C. § 103(a). In a Chapter 7 case, the Chapter 7 trustee has the duty to administer the assets of the bankruptcy estate. 11 U.S.C. § 704(a)(1). Keeping the stay in place with respect to property of the estate, even in cases where there has been a dismissal in the prior year, is an important protection for creditors." *In re Jones,* 339 B.R. at 365.

Accordingly, the Court concludes that the stay that terminates under § 362(c)(3)(A) is not the stay that protects property of the estate. *In re Jones,* 339 B.R. at 365. Section 362(c)(3)(A) effects a termination of the stay only with respect to actions taken against the debtor and against property of the debtor. *Id. See also Jumpp v. Chase Home Finance, LLC (In re Jumpp)*, No. 06-031, 2006 WL 3802702 (B.A.P. 1st Cir. Dec. 28, 2006); *In re Pope*, 351 B.R. 14 (Bankr. D.R.I. 2006); *In re Murray*, 350 B.R. 408 (Bankr. S.D. Ohio 2006); *In re Brandon,* 349 B.R. 130 (Bankr. M.D.N.C. 2006); *Bankers Trust Company of California, N.A. v. Gillcrese (In re Gillcrese)*, 346 B.R. 373 (Bankr. W.D. Pa. 2006); *In re Williams,* 346 B.R. 361 (Bankr. E.D. Pa. 2006); *In re Harris*, 342 B.R. 274 (Bankr. N.D. Ohio 2006); *In re Moon*, 339 B.R. 668 (Bankr. N.D. Ohio 2006); *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006).

Section 1306(a) of the Bankruptcy Code defines property of the estate for purposes of Chapter 13 to include all property of the kind specified in section 541 of the Bankruptcy Code that is acquired by the Debtor postpetition but before the case is closed, dismissed or converted and all earnings from services performed by the debtor after the commencement of the case. Section 1327(b) provides that except as otherwise provided in the plan or the order of confirmation, the confirmation of a plan re-vests all property of the estate in the Debtor. The provisions of a confirmed Chapter 13 plan then take over and become controlling, binding "the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan,

10

and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).[10]

BAPCPA added several new exceptions to the scope of the automatic stay permitting the commencement or continuation of certain proceedings related to the enforcement of domestic support obligations. *See generally,* Alan N. Resnick & Henry J. Sommer eds., 8 Collier on Bankruptcy ¶ 362.05[2] (15th ed., rev. 2006). Section 362(b)(2) was amended to except from the stay the commencement or continuation of civil actions or proceedings to establish or modify domestic support obligations. It also creates an exception to the stay for the withholding of income that is property of the estate for the payment of a domestic support obligation under a judicial order. 11 U.S.C. § 362(b)(2)(C). This new exception does not appear on its face to extend to the commencement or continuation of civil actions or proceedings to enforce such orders. *But see In re Gellington,* 2007 W.L. 706955 at *3 (Bankr. N.D. Tex. 2007) ("Under Bankruptcy Code Section 362(b)(2)(C) the automatic stay does not stay any matter 'with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.'") (quoting 11 U.S.C § 362(b)(2)(C)). As the new exception appears to be limited to the withholding of income only, the court will grant Ms. Taylor relief from the stay to permit the State JDR Court to conduct the review hearing scheduled for May 7, 2007, in order to monitor the Debtor's compliance and enforce payment of the domestic support obligation in accordance with its prior order.

---

[10] "Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan." Keith M. Lundin, Chapter 13 Bankruptcy, § 228.1, 228-1 (3d ed. 2000 & Supp. 2004). "This binding effect of confirmation has led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are improper." *In re Murray* 350 B.R. 408, 418 (Bankr. S.D. Ohio 2006), *see also* Alan N. Resnick & Henry J. Sommer eds., 8 Collier on Bankruptcy ¶ 1327.01[1] (15th ed., rev. 2006).

11

CONCLUSION

Because the presumption established by § 362(c)(3)(C) of the Bankruptcy Code has not been rebutted, the Court will not continue the automatic stay as to the Debtor or as to property of the Debtor beyond the 30th day following the filing of this case. The automatic stay is not terminated, however, with respect to property of the estate. But, the Court will grant Ms. Taylor relief from the stay to allow her to continue the civil proceedings currently pending in the State JDR Court to enforce payment of the domestic support obligation. Therefore,

**IT IS ORDERED** that the Debtor's motion for continuation of the stay with respect to the Debtor is **DENIED**; and

**IT IS FURTHER ORDERED** that the stay is not terminated with respect to property of the estate, but rather, the stay shall remain in full force and effect with respect thereto; and

**IT IS FURTHER ORDERED** that Ms. Taylor be, and she hereby is, granted relief from the automatic stay to permit the State JDR Court (i) to conduct the review hearing scheduled for May 7, 2007 (and any adjourned or subsequent hearing that the State JDR Court may schedule) in order to monitor the Debtor's compliance with that court's prior order compelling the payment of the domestic support obligation to Ms. Taylor and (ii) to take any action that the State JDR Court deems necessary and appropriate to enforce such prior order.

ENTERED: _____

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Gabriel Anthony Taylor, Sr.
PO Box 25717
Richmond, VA  23260

Andrew George Adams, III
2807 North Parham Road
Suite 107
Richmond, VA  23294

Kevin A. Lake
LAKE & LAKE, P.C.
P.O. Box K-53
Richmond, VA  23288

Robert E. Hyman
Chapter 13 Trustee
P.O. Box 1780
Richmond, VA  23218

Robert B. Van Arsdale
Assistant U.S. Trustee
600 East Main Street, Suite 301
Richmond, VA  23219